IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**CHRISTOPHER A. FEKOS**,

        Petitioner,

v.

**JOE COAKLEY, Warden,**

        Respondent.

Civil No.: 1:17CV35
(JUDGE KEELEY)

**REPORT AND RECOMMENDATION**

### I.   INTRODUCTION

On March 3, 2017, Charles Fekos [hereinafter Petitioner or Defendant], filed a pro se Application for Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner is a federal inmate housed at USP Hazelton and is challenging the validity of his conviction and sentence imposed in the United States District Court for the Western District of Pennsylvania. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2.

### II.   FACTS[1]

On June 28, 2006, an indictment filed at Criminal No. 2:06CR237-1 in the Western District of Pennsylvania charged Defendant with ten counts of conspiracy, bank fraud, mail fraud, bribing a bank employee, and money laundering. 2:06CR237-1, ECF No. I. On March 7, 2007, a criminal complaint filed at Criminal No. 2:07CR116 in the Western District of Pennsylvania charged Defendant with committing mail fraud,

---

[1] All CM/ECF references in this Facts section refer to entries in the docket of the U.S. District Court for the Western District of Pennsylvania, Criminal Action No. 2:06CR237-1 and/or 2:07CR116.

wire fraud, bank fraud, and bribing a bank official from April 2006 through March 6, 2007. 2:07CR116, ECF No. I. An indictment subsequently filed in the same matter charged Defendant with one count of mail fraud from October 2005 through March 2007. Id., ECF No. 20.

On May 11, 2007, Defendant appeared before U.S. District Judge Kim R. Gibson for the Western District of Pennsylvania and pleaded guilty to Count 6 of the indictment at Criminal Number 2:06CR237-1, charging him with Bank Fraud from June 23, 2003, to December 2003, in violation of 18 U.S.C. § 1344(1), Count Thirteen of the indictment at Criminal Number 2:06CR237-1, charging him with Money Laundering on November 14, 2003, in violation of 18 U.S.C. § 1957(a), and Count One of the indictment at Criminal Number 2:07CR116, charging him with Mail Fraud, from October 2005 to March 2007, in violation of 18 U.S.C. § 1341. After consultation with counsel, Defendant entered into a guilty plea pursuant to a plea agreement that contained a provision waiving his right to file direct appeals and collateral attacks except if the sentence exceeded the applicable statutory limits, or in case his sentence "unreasonably exceeds the guideline range determined by the Court." Defendant pursued direct appeals after his sentencing in September 2007. 2:07CR116, ECF No. 41 at 2. The Court of Appeals enforced the waiver, United States v. Fekos, 318 Fed.Appx. 122 (3d Cir. 2009), and the Supreme Court denied his petition for a writ of certiorari. Fekos v. United States, 558 U.S. 917 (Oct. 5, 2009). Almost four years later, in July 2013, Defendant filed motions to vacate his sentence under 28 U.S.C. § 2255, which were denied as untimely, see 28 U.S.C. § 2255(f), and as barred by the waiver in the plea agreement in September 2013. 2:07CR116, ECF No. 72. In February 2014, the Court of Appeals denied certificates of

appealability, No. 13-4213 (3d Cir. February 12, 2014) and No. 13-3968 (3d Cir. February 12, 2014). In September of 2015, Defendant filed a Motion to Reduce Sentence and for De Novo Review of Newly Discovered Evidence. 2:06CR237, ECF No. 154. In that motion, Defendant sought what he describes as a commutation of his sentence "in place of a full appeal" on the grounds that events "[s]ometime in late 2003 or 2004" show that one of the fraudulent transactions he was held liable for was not fraudulent, and therefore the number of victims and the financial loss calculated at the time of the preparation of the presentence reports in 2007 overestimated the amount of loss for which he should be held liable. Id. Magistrate Judge Keith A. Pesto determined that the Court can correct a computation error within 14 days of sentence, Fed.R.Crim.P. 35, and a clerical error at any time, Fed.R.Crim.P. 36, but this was not a claim of computational or clerical error. Further Magistrate Judge Pesto determined that there was no such judicial entity as commutation of a sentence in lieu of appeal. Id. Defendant's claim that there was an error in the facts the Court relied on to compute the advisory guideline range was not equivalent to a claim that his sentence "unreasonably exceeds the guideline range determined by the Court" and therefore does not escape the bar on collateral attacks contained in the plea agreement. Id. Magistrate Judge Pesto recommended to the District Court that, in substance, this was a second motion to vacate, and under 28 U.S.C.§ 2244, it must be reviewed by the Court of Appeals before the District Court had jurisdiction to consider the issues raised. Id. District Judge Gibson agreed and adopted the report and recommendation dismissing the motion [154] for lack of jurisdiction without prejudice for not seeking preauthorization from the Court of Appeals for a second successive motion to vacate. Id., ECF No. 162.

### III. PETITIONER'S CLAIMS

In support of his section 2241 petition before this Court, Petitioner claims four grounds for relief:

1. Waiver of collateral attack in plea agreements is not enforceable pursuant to mandate from "AAG James Cole" and Pennsylvania Bar Association.

2. Ineffective assistance of counsel because defense counsel advised him to take a plea instead of proceeding to trial, and he would not have received as lengthy of a sentence if he had proceeded to trial.

3. The Judge would not have determined he was a level 36 offender if he had properly determined the amount of financial harm caused by the offenses.

4. Prosecutorial misconduct regarding Petitioner's disparate sentence.

ECF No. 1 at 5-9. For relief, Petitioner requests his sentence be vacated and remanded with specific instructions that his new sentence not exceed 11 years. Id. at 13.

### IV. STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district

court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Petitioner clearly is not entitled to relief under 28 U.S.C. § 2241 and, therefore, no response is required of Respondent.

## V. ANALYSIS

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction. A petition for writ of habeas corpus, pursuant to section 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of section 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." Anderson v. Pettiford, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

While the terms of section 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under section 2241, there is nonetheless a "savings clause" in section 2255, which allows a prisoner to challenge the validity of his conviction under section 2241 **if** he can demonstrate that section 2255 is

"inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. The law is clearly developed, however, that merely because relief has become unavailable under section 2255 because of a limitation bar,[2] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate or ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective," and the standard is an extremely stringent one. In the Fourth Circuit, section 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction **only** when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added). Here, the petitioner is not contesting the legality of his conviction but only the legality of his

---

[2] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
  a. The date on which the judgment of conviction becomes final;
  b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
  c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

sentence.³ ECF No. 1 at 9. Therefore, the Court will turn to the recently issued opinion of the Fourth Circuit, Wheeler,⁴ which extends the application of the saving clause to sentencing challenges. United States v. Wheeler, No. 16-6073, 2018 WL 1514418 (4th Cir., Mar. 28, 2018).

In Wheeler, section 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied: (1) at the time of sentencing, settled law of the circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first motion for postconviction relief, the settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet requirements for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave so as to be deemed a fundamental defect. 28 U.S.C.A. §§ 2241, 2255(e), 2255(h)(2). Id. at 428-429.

In this case, the undersigned finds that the first condition of the Wheeler test is satisfied. At the time of sentencing, settled law of the circuit or the Supreme Court established the legality of the sentence.

Moving to the second condition of the Wheeler test, the undersigned finds that there has been no substantive change in the law; therefore, Petitioner cannot satisfy condition two. The second condition requires that subsequent to the prisoner's direct appeal and first motion for postconviction relief, the settled substantive law changed and

---

³ If Petitioner were contesting his conviction, he would not be able to satisfy condition two of the Jones test because the conduct of which the prisoner was convicted is still a crime.
⁴ On March 28, 2018, a three-judge panel of the Fourth Circuit issued an opinion United States v. Wheeler, No. 16-6073, 2018 WL 1514418 (Mar. 28, 2018), extending the savings clause to sentencings. A mandate has not been issued as the parties have until May 14, 2018, to file a petition for rehearing en banc. The panel opinion in Wheeler specified that "there is no doubt that Jones is still good law in this circuit." Id. at *8.

was deemed to apply retroactively on collateral review. Id. at 428-429. The only attempt Petitioner makes in arguing a change in law[5] is that Williams v. United States, No. 08-377, 2014 WL 4060263 (W.D. Pa. August 14, 2014) created a new rule invalidating plea waivers. ECF No. 1-1 at 4-5. This is simply an incorrect interpretation of the case. The Williams case cited by Petitioner did not invalidate waivers in plea agreements. Williams v. United States, 2014 WL 4060263 (W.D. Pennsylvania 2014).  The Williams case discussed recent trends regarding waivers of collateral attack and the formal opinion issued by the Pennsylvania Bar Association (PBA). Id. at 13.  However, Chief Judge Joy Flowers Conti clearly held in Williams that the PBA opinion was not binding on the court and that the law regarding waivers in plea agreements remains the same, which requires a case by case analysis. Id.  Specifically, Chief Judge Conti held "[a]lthough the court of appeals declined to find that collateral attack waivers were invalid per se in Grimes[6], it did not hold in that case, or any other case, that such waivers cannot be held invalid in a particular case." Id. at 14. Accordingly, the undersigned finds that there has been no substantive change in the law regarding waivers of appeal and collateral attack in plea agreements since the filing of Petitioner's first Motion to Vacate on July 29, 2013.

Petitioner has filed a direct appeal and two motions to vacate pursuant to section 2255 in the Western District of Pennsylvania on grounds similar to those expressed in this Petitioner's section 2241. 2:07CR116, ECF No. 41, ECF No. 72, and 2:06CR237, ECF No. 154. The appeal and both section 2255 motions were denied in the Western District of Pennsylvania.  In this case, there has been no change in the law as to any of

---

[5] The remainder of Petitioners allegations are new evidence, ineffective assistance of counsel claims and prosecutorial misconduct. ECF No. 1 at 9.
[6] United States v. Grimes, 739 F.3d 125, 128–29 (2014).

8

the grounds for relief sought in this section 2241. Therefore, condition two of the Wheeler test cannot be satisfied and no further analysis with regard to conditions three and four is necessary.

Consequently, because Petitioner clearly attacks the validity of his sentence and fails to establish that he meets the conditions required in the Wheeler test, Petitioner has NOT demonstrated that section 2255 is an inadequate or ineffective remedy and has improperly filed a section 2241 petition.

## VI.   RECOMMENDATION

Based on the foregoing, the undersigned recommends that Petitioner's section 2241 petition be **DENIED and DISMISSED WITHOUT PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED:** 4-24-2018

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE