IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHRISTOPHER A. FEKOS,

      Petitioner,

v.                             CIVIL ACTION NO. 1:17CV35
                                   (Judge Keeley)

JOE COAKLEY, Warden,

      Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 12]
AND DISMISSING WITHOUT PREJUDICE THE PETITION FOR A WRIT
OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 [DKT. NO. 1]**

On May 11, 2007, in the Western District of Pennsylvania, the pro se petitioner, Christopher A. Fekos ("Fekos"), pleaded guilty to bank fraud, money laundering, and mail fraud. The district court sentenced Fekos to a total term of 200 months of incarceration. Thereafter, Fekos pursued an unsuccessful direct appeal, an unsuccessful motion to vacate under 28 U.S.C. § 2255, and an unsuccessful "Motion to Reduce Sentence and for De Novo Review of Newly Discovered Evidence."[1]

On March 3, 2017, Fekos filed the pending petition for Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") (Dkt. No. 1). Among others, Fekos claims that he received ineffective assistance of counsel and that the sentencing court incorrectly calculated his total offense level under the United States Sentencing Guidelines. Id. at 5-7. He asks that the Court vacate his sentence and "remand

_____

[1] Fekos's criminal cases can be found at Criminal Action Nos. 2:06CR237 and 2:07CR116 in the Western District of Pennsylvania.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 12]
AND DISMISSING WITHOUT PREJUDICE THE PETITION FOR A WRIT
OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 [DKT. NO. 1]**

with specific instructions that his new sentence not exceed 11 years." Id. at 8.

Pursuant to 28 U.S.C. § 636 and LR PL P 2, the Court referred the Petition to the Honorable Robert W. Trumble, United States Magistrate Judge, for initial review. On April 24, 2018, Magistrate Judge Trumble entered a Report and Recommendation ("R&R") recommending that the Court deny and dismiss the Petition without prejudice (Dkt. No. 12). He reasoned that Fekos cannot substitute § 2241 in place of § 2255 to attack his sentence, because he has not identified a change in substantive law. Id. at 8-9. On May 21, 2018, Fekos filed timely objections to the R&R, reasserting that his sentencing court imposed an erroneously harsh sentence due to a miscalculation (Dkt. No. 14).

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection is timely made. 28 U.S.C. § 636(b)(1)(C). On the other hand, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W.Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold those portions of a recommendation to which no objection has been made

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 12]
AND DISMISSING WITHOUT PREJUDICE THE PETITION FOR A WRIT
OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 [DKT. NO. 1]**

unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

After de novo review of the R&R and the record, the Court finds that Fekos's objections lack merit. Where a petitioner seeks to attack the imposition of his sentence rather than its execution, he may only seek a writ of habeas corpus pursuant to § 2241 by demonstrating that § 2255 is "inadequate or ineffective to test the legality of . . . detention." 28 U.S.C. § 2255(e); see also In re Jones, 226 F.3d 328, 332 (4th Cir. 2000).

In United States v. Wheeler, the Fourth Circuit held that § 2255 is inadequate or ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

886 F.3d 415, 429 (4th Cir. 2018) (citing In re Jones, 226 F.3d at 333-34).

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 12]
AND DISMISSING WITHOUT PREJUDICE THE PETITION FOR A WRIT
OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 [DKT. NO. 1]**

Here, as the magistrate judge concluded, Wheeler precludes any relief under § 2255's savings clause. Fekos has not established that, subsequent to his first § 2255 motion, the "settled substantive law [that established the legality of his sentence] changed and was deemed to apply retroactively on collateral review," as required by the second prong. Id. In fact, the only substantive law that Fekos identifies in his lengthy objections to the R&R was decided well before his § 2255 motion was denied in 2014. See, e.g., Apprendi v. New Jersey, 530 U.S. 466 (2000); Bailey v. United States, 516 U.S. 137 (1995); United States v. Olano, 507 U.S. 725 (1993).[2]

Therefore, because Fekos cannot satisfy the requirements of Wheeler, the Court:

1)    **OVERRULES** Fekos's objections (Dkt. No. 14);

2)    **ADOPTS** the R&R (Dkt. No. 12);

3)    **DENIES** the Petition (Dkt. No. 1); and

4)    **DISMISSES** this case **WITHOUT PREJUDICE.**

It is so **ORDERED.**

---

[2] Magistrate Judge Trumble thoroughly explained in his R&R why Williams v. United States, No. 08-377, 2014 WL 4060263 (W.D. Pa. Aug. 14, 2014), is not a qualifying change in the law (Dkt. No. 12 at 7-8).

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 12]
AND DISMISSING WITHOUT PREJUDICE THE PETITION FOR A WRIT
OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 [DKT. NO. 1]**

The Court **DIRECTS** the Clerk to enter a separate judgment order and to transmit copies of both Orders to counsel of record and to the pro se petitioner, certified mail and return receipt requested.

DATED: June 18, 2018.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE